This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CARL RHAMES,**

   Plaintiff-Appellee,

v.                                                    **NO. 31,306**

**OSUALDO ESPARZA,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Cosme D. Ripol
Farmington, NM

for Appellee

Kelley Law Offices
Cody K. Kelley
Charlotte L. Itoh
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**WECHSLER, Judge.**

   Osualdo Esparza (Defendant) appeals from the "judgment from March 29, 2011

hearing, granting judgment in favor of Carl Rhames (Plaintiff) in the amount of $5,000. [RP 43] This Court's calendar notice proposed summary affirmance. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition that we have duly considered. [Ct. App. File, MIO] Unpersuaded, however, we affirm.

**DISCUSSION**

Defendant raises three issues on appeal: (1) whether the district court was correct in presuming that a transfer of ownership on the back of the racehorse's racing papers would not meet the legal requirement for a bill of sale, scolding Defendant for his failure to procure a bill of sale, and then apparently resolving issues of witness credibility on that basis; (2) whether the district court was correct to award judgment in favor of Plaintiff for $5,000 on an unwritten contract that fell within the statute of frauds and the writing requirement of the Uniform Commercial Code for a sale of goods in excess of $500; and (3) whether the district court was correct to leave the record open following the trial to allow Plaintiff to supplement with evidence that he had paid Defendant's invoices. [DS 3-5]

Defendant's memorandum does not contest this Court's proposed summary affirmance on Issues 1 and 2. We affirm the district court on these issues for the reasons set forth in the calendar notice. *See, e.g., Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly

held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also, e.g.*, *Frick v. Veazey*, 116 N.M. 246, 247, 861 P.2d 287, 288 (Ct. App. 1993) ("Failure to file a memorandum in opposition constitutes acceptance of the disposition proposed in the calendar notice."). We reiterate the calendar notice analysis in this opinion, however, because it is provides background for why the district court allowed both parties to supplement the record following trial, which Defendant continues to contest in his memorandum (Issue 3).

Plaintiff owned a racehorse named Danseur's Diamond, which he placed in training with Defendant along with another racehorse, Hollywood Jazz. [DS 2] At the end of the 2009 racing season at SunRay Park, Plaintiff picked up Hollywood Jazz and agreed to sell Danseur's Diamond to Defendant. [Id.] Defendant kept Danseur's Diamond, and, at some later time after the racing season, Plaintiff transferred ownership of Danseur's Diamond to Defendant by signing the back of the horse's racing papers. [Id.] The transfer was not in the form of a bill of sale, and it was signed only by Plaintiff. [Id.] Testimony differed as to the terms of the sale and the sales price. [Id.]

In 2010, Plaintiff sued Defendant in magistrate court claiming that Defendant did not pay him $5,000 as the agreed sales price for Danseur's Diamond. In

magistrate court, Defendant argued that the agreed sales price was $500, and that Plaintiff had traded Danseur's Diamond to Defendant for unpaid training fees. Plaintiff prevailed in magistrate court, and Defendant appealed to district court. [RP 1] We note that the docketing statement states that Defendant prevailed in magistrate court, whereas the record proper demonstrates judgment in favor of Plaintiff and a notice of appeal filed in district court by Defendant. [DS 2, RP1, 3] A trial de novo was held in district court, and Plaintiff was awarded judgment in the amount of $5,000. [RP 43]

In granting judgment for Plaintiff, the district court stated that Plaintiff should not have signed a transfer of Danseur's Diamond to Defendant on the back of the horse's racing papers since New Mexico statute requires a bill of sale. [RP 41, Tr. 3/29/11, 4:17:59-4:18:09] The district court considered therefore that the written transfer was void or voidable. Since Defendant had kept the horse, and in fact had already resold it to a third party, and since Plaintiff had signed over the horse to Defendant, albeit improperly, the district court recognized that neither party could or wanted to void the sale. The district court determined therefore that the only remaining issue was a factual one: the sales price of the horse.

Plaintiff asserted that the parties had agreed to a sales price of $5,000. Defendant asserted that the parties had agreed to trade the horse for the $500 training

4

bill. Plaintiff also asserted that he had separately paid the $500 training bill; Defendant asserted that Plaintiff had not done so, contending that the parties had agreed that an outstanding training bill of $500 was the basis of the trade for the horse. [RP 33]

Because the district court concluded that the dispute rested on whether Plaintiff had separately paid the training bill rather than traded the horse for the training bill, at the initial hearing the district court allowed "both sides to supplement" the record with further evidence regarding whether the training invoice was separately paid or remained outstanding at the time of the transfer of the horse. [RP 35, 10:38:58-10:39:04] At the subsequent hearing, Plaintiff presented documentary evidence that he had paid Defendant separately for the only training invoice he received; Plaintiff also testified that he had traded training fees for fifty bales of hay. [RP 40, 4:07:19-4:08:38; 4:12:04-4:12:24; RP 41, 4:16:27-4:16:34] Because Plaintiff had provided documentary evidence and testimony that, rather than trading Danseur's Diamond for training fees, Plaintiff had separately paid for and traded hay for them, the district court determined that Plaintiff's testimony was credible and awarded him $5,000 for the sale of the horse. [RP 42, 4:18:46-4:18:56, 4:19:29] We affirm the district court judgment.

First, as the district court noted, NMSA 1978, Section 77-9-21 (1993) and

5

NMSA 1978, Section 77-9-22 (1999), require that sales of livestock be evidenced by a bill of sale containing certain evidence relating to the exact animal being sold, rather than a signature on the back of a horse's racehorse papers. "Livestock" includes horses. *See* NMSA 1978, Section 77-9-1.1 (1999) (stating that "'livestock' means horses, asses, mules, cattle or bison"). Despite the fact that the transfer of the horse was void or voidable for improper form of transfer, the district court concluded that neither party could or would undo the transfer. As discussed above, Defendant had already resold the horse to a third party, and Plaintiff had attempted to execute a transfer of Danseur's Diamond to Defendant by signing the back of the horse's papers. As also discussed above, the district court resolved the credibility of the parties by the consistency of their testimony with the documentary evidence presented, not because Defendant did not obtain a proper bill of sale from Plaintiff for Danseur's Diamond, as Defendant asserts in Issue 1. *See Landavazo v. Sanchez*, 111 N.M. 137, 138, 802 P.2d 1283, 1284 (1990) (stating that "[s]ubstantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion"); *see also Buckingham v. Ryan*, 1998-NMCA-012, ¶ 10, 124 N.M. 498, 953 P.2d 33 ("[W]hen there is a conflict in the testimony, we defer to the trier of fact."). We affirm the district court on Issue 1.

To the extent Defendant urges this Court in Issue 2 to find that the transfer was

6

void under the statute of frauds section of the Uniform Commercial Code, we continue to fail to see why Defendant makes this argument on appeal when he validated an otherwise void or voidable transfer by keeping the horse and reselling it to a third party. We affirm the district court on Issue 2.

Finally, in Issue 3, Defendant agues that the district court erred in continuing the trial to allow Plaintiff to provide evidence that he separately paid Defendant for training his horses rather than traded Danseur's Diamond for the training fees. In the memorandum, Defendant contends that the district court "showed favoritism to Plaintiff" by allowing supplementation, which only Plaintiff needed and then resulted in judgment in favor of Plaintiff. [MIO 1-2] We are not persuaded.

We review the denial of a continuance for an abuse of discretion and find no abuse of discretion here. *See New Mexicans for Free Enter. v. City of Santa Fe*, 2006-NMCA-007, ¶ 67, 138 N.M. 785, 126 P.3d 1149 (stating that a denial of a motion for continuance is reviewed for abuse of discretion). First, in Issue 1, we agree with the district court's analysis that the transfer was voidable for failure of the parties to properly execute a bill of sale pursuant to Sections 77-9-21 and -22, but that, nevertheless, a transfer took place that neither party can undo (Defendant kept the horse and has already resold the horse to a third party) or wishes to undo (Plaintiff wants to be paid for transferring the horse). Second, we also agree with the district

court's conclusion after the first hearing that the dispute between the parties was reduced to a factual dispute as to whether the parties had agreed that Danseur's Diamond was to be sold to Defendant for $5,000 (Plaintiff's claim) or to be traded to Defendant for Plaintiff's unpaid training fees (Defendant's claim). Apparently, the district court believed that supplemental evidence would assist it in its determination, and it allowed both parties to supplement the record. The fact that Plaintiff is the only one who actually did so, or that Defendant believes that only Plaintiff needed to supplement the record, does not persuade us that the district court was biased in favor of Plaintiff or prejudiced against Defendant. *See State v. Case,* 100 N.M. 714, 717, 676 P.2d 241, 244 (1984) (stating that personal bias cannot be inferred from an adverse ruling); *see also Buckingham,* 1998-NMCA-012, ¶ 10 ("[W]hen there is a conflict in the testimony, we defer to the trier of fact."). Under the circumstances, we cannot say that granting a continuance to allow *both* parties to supplement the record was an abuse of discretion. We affirm the district court on Issue 3.

**CONCLUSION**

We affirm the district court's judgment.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**RODERICK T. KENNEDY, Judge**